IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KATHLEEN BROWNING <br><br> -and- <br><br> NICHOLAS FLINT COLLINS <br><br>  Plaintiffs, <br><br>   v. <br><br> TRANS UNION, LLC <br><br>  Serve: <br>  Corporation Service Company <br>  135 North Pennsylvania Street <br>  Suite 1610 <br>  Indianapolis, IN 46204 <br><br> EXPERIAN INFORMATION SOLUTIONS, INC. <br><br>  Serve: <br>  C T Corporation System <br>  334 North Senate Avenue <br>  Indianapolis, IN 46204 <br><br> EQUIFAX INFORMATION SERVICES, LLC <br><br>  Serve: <br>  Corporation Service Company <br>  135 North Pennsylvania Street <br>  Suite 1610 <br>  Indianapolis, IN 46204 | **COMPLAINT** <br> (JURY TRIAL DEMANDED) <br><br> CASE NO:_____ |

| | |
|---|---|
| ENVOY MORTGAGE LP | } |
| | } |
|    <u>Serve</u>: | } |
|    Cogency Global Inc. | } |
|    150 W. Market Street | } |
|    Suite 400 | } |
|    Indianapolis, IN 46204 | } |
| | } |
| -and- | } |
| | } |
| NATIONSTAR MORTGAGE LLC | } |
| dba Mr. Cooper | } |
| | } |
|    <u>Serve</u>: | } |
|    Corporation Service Company | } |
|    135 North Pennsylvania Street | } |
|    Suite 1610 | } |
|    Indianapolis, IN 46204 | } |
| | } |
|    Defendants. | } |

## COMPLAINT

Plaintiffs, Kathleen Browning and Nicholas Flint Collins, by and through counsel, for their Complaint against Defendants, Trans Union LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., Envoy Mortgage LTD, and Nationstar Mortgage LLC dba Mr. Cooper, state as follows:

### INTRODUCTION

1. This is an action for actual damages, statutory damages, and punitive damages brought by Plaintiffs against the Defendants for willful, knowing, and/or negligent violations of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1681 *et seq*. (known as the "***Fair Credit Reporting Act***", hereafter the "***FCRA***"), which relates to the compilation and dissemination of

consumer credit and other financial information. Plaintiffs also assert claims against Envoy Mortgage LTD and Nationstar Mortgage LLC for breach of fiduciary duty, negligence, and for violations of the federal Real Estate Settlement Practices Act, codified at 12 U.S.C. § 2605 *et seq.* ("**RESPA**").

## PARTIES

2. Plaintiff Kathleen Browning ("***Plaintiff***" or "***Ms. Browning***") is an individual and a resident of Floyd County, Indiana.

3. Plaintiff Flint Collins ("***Plaintiff***" or "***Mr. Collins***") is an individual and a resident of Jefferson County, Kentucky.

4. Defendant, Trans Union, LLC ("***Defendant***" or "***Trans Union***"), is a for-profit, foreign limited liability company organized and existing under the laws of the State of Delaware and is engaged in the business of acquiring, using, furnishing, and disseminating consumer information in the Commonwealth of Kentucky. Trans Union has principal offices located in Chicago, Illinois. Trans Union is a "*consumer reporting agency,*" as said term is defined and/or contemplated in the FCRA, with respect to the matters referenced herein. Defendant Trans Union designated Corporation Service Company as its registered agent authorized to accept service of process.

5. Defendant, Experian Information Solutions, Inc. ("***Defendant***" or "***Experian***"), is a for-profit, foreign corporation organized and existing under the laws of the State of Ohio and is engaged in the business of acquiring, using, furnishing, and disseminating consumer information in the Commonwealth of Kentucky. Experian has principal offices located in Costa Mesa, California. Experian is a "*consumer reporting agency*", as said term is defined and/or

contemplated in the FCRA, with respect to the matters referenced herein. Defendant Experian designated CT Corporation System as its registered agent authorized to accept service of process.

6. Defendant, Equifax Information Solutions, LLC ("***Defendant***" or "***Equifax***"), is a for-profit, foreign limited liability company organized and existing under the laws of the State of Georgia and is engaged in the business of acquiring, using, furnishing, and disseminating consumer information in the Commonwealth of Kentucky. Equifax has principal offices located in Atlanta, Georgia. Equifax is a "***consumer reporting agency***", as said term is defined and/or contemplated in the FCRA, with respect to the matters referenced herein. Pursuant to KRS 14A.4-010(1)(a), Defendant Equifax designated Corporation Service Company as its registered agent authorized to accept service of process.

7. Defendant Envoy Mortgage LTD ("***Defendant***" or "***Envoy***") is a corporation organized and/or existing under the laws of the State of Texas and is subject to the jurisdiction of this Court. Envoy maintains its principal office at 10496 Katy Freeway, Suite 250, Houston, Texas 77043.

8. Defendant Nationstar Mortgage LLC ("***Defendant***" or "***Nationstar***") is a corporation organized and/or existing under the laws of the State of Delaware and is subject to the jurisdiction of this Court. Nationstar maintains its principal office at 8950 Cypress Waters Blvd, Dallas, Texas 75019.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1441, 28 U.S.C. § 1446, 15 U.S.C. § 1681p, and 12 U.S.C. § 2614.

10. Venue is proper in this Court because the Plaintiffs' causes of action arose in this judicial district.

## FACTS

11. On December 8, 2020, the Plaintiffs purchased the property located at 8000 Crestview Court, Georgetown, Indiana ("***the Property***") to use as their primary residence.

12. To finance the home purchase, Plaintiffs procured a loan secured by a mortgage against the Property (the "***Loan***"). The Loan was a "federally related mortgage loan" as said term is defined at 12 U.S.C. § 2602(1).

13. When the Plaintiffs purchased the home, they were engaged to be married. They dreamed their new home would serve to join and strengthen their families.

14. Envoy was the servicer of the Loan from its origination.

15. On or about October 1, 2021, the servicing of the Loan was transferred from Envoy to Nationstar.

16. Envoy did not notify the Plaintiffs that servicing of the loan had transferred until December 2021.

17. On or about October 1, 2021, Envoy reported the Loan as 120 days past due, which was untrue.

18. On or about October 15, 2021, the Plaintiffs paid Envoy for the Loan payment due for October 2021. Envoy misapplied this payment to another account not belonging to either Plaintiff.

19. On or about November 8, 2021, the Plaintiffs paid Envoy for the mortgage payment due for November 2021. Envoy misapplied this payment to another account not

belonging to either Plaintiff.

20. In December 2021, the Plaintiffs paid Envoy for the Loan payment due for December 2021 via check. Envoy returned the uncashed check, advising the Plaintiffs they should make payments to Nationstar, the new servicer for the Loan. The Plaintiffs promptly paid Nationstar for the December 2021 Loan payment.

21. In December 2021, a representative of Envoy advised Ms. Browning that the payments made for October 2021 and November 2021 would be credited to the Loan account.

22. From December 2021 through August 2022, Plaintiffs timely paid Nationstar for each mortgage payment due.

23. Each month from January 2022 through August 2022, Nationstar reported the mortgage account as delinquent to one or more national credit reporting agencies and assessed late fees for each month.

24. In October 2022, Envoy located one of the misapplied loan payments and issued a check to the Plaintiffs for $1,421.27, the amount of one loan payment.

25. In November 2022, Envoy located a second misapplied loan payment and issued a second check to the Plaintiff in the amount of $1,421.27, the amount of one loan payment.

26. In or around November 2022, Plaintiff Ms. Browning applied to USAA for a real estate loan. USAA denied the application because of the adverse impact of the late payments reported by Defendants on Ms. Browning's credit report.

27. On or about February 27, 2023, Plaintiffs, by counsel, wrote letters to Envoy and Nationstar wherein the Plaintiffs advised Envoy and Nationstar of the servicing errors and requested correction of the errors.

28. The February 27, 2023 letters were "qualified written requests," a "requests for information," and "notices of error," as said terms are contemplated by RESPA and applicable regulations.

29. Specifically, in the February 27, 2023 letter to Nationstar, the Plaintiffs disputed the erroneous reporting of the account to credit reporting agencies and the imposition of late fees and interest charges associated with the servicing errors. The Plaintiffs requested a refund of the late fees and interest charges, correction of the credit reporting errors, and information about the account, including Automatic Universal Data Forms submitted to the credit reporting agencies.

30. In the February 27, 2023 letter to Envoy, Plaintiffs requested information relating to the Loan, including payment letters, transfer notices, and an explanation of how interest was calculated.

31. On or about March 14, 2023, Nationstar wrote a letter in response to the February 27, 2023 letter. In the March 14, 2023 letter, Nationstar acknowledged that Plaintiffs made the Loan payments in a timely manner and that Envoy failed to forward the missing payments, but nevertheless refused to correct how it was reporting the Loan to the credit reporting agencies.

32. On or about April 12, 2023, Envoy wrote a letter in response to the February 27, 2023 letter. In the April 12, 2023 letter, Envoy admitted it applied the two mortgage payments (due for October 2021 and November 2021) to the wrong account.

33. Although admitting the errors, Defendants each failed to correct the errors, issue refunds of interest and/or late fees, or provide all the requested information, such as the

Automatic Universal Data Forms used to report information about the account to the credit reporting agencies.

34. As of July 11, 2023, Envoy reported the mortgage account as 120 days past due.

35. As of July 11, 2023, Nationstar reported the account as past due from January 2022 through August 2022.

36. On or about October 30, 2023, Plaintiffs, by counsel, sent a letter via U.S. certified mail to Defendants Trans Union, Equifax, and Experian, wherein each Plaintiff disputed the reporting of the Loan account. Specifically, the Plaintiffs disputed the reporting of late payments on the Loan account.

37. On or about November 15, 2023, Defendant Equifax sent a letter directly to Mr. Collins requesting identification documents, although it knew counsel represented Mr. Collins.

38. On or about November 8, 2023, Defendant Trans Union sent a letter directly to Mr. Collins requesting additional identification documents, although it knew counsel represented Mr. Collins.

39. On or about November 27, 2023, Ms. Browning was denied a home loan based on the erroneous reporting of late payments on the Loan account.

40. On or about November 30, 2023, Defendant Trans Union wrote a letter to Ms. Browning, wherein it verified the late payments each month from January 2022 through September 2022 as accurate.

41. Defendant Experian did not respond to the Plaintiffs' letters.

42. Defendant Equifax did not respond to Ms. Browning's letter.

43. As a direct and proximate result of the conduct of Defendants, Plaintiffs each

suffered actual damages, including but not limited to emotional distress and mental anguish, turmoil, stress, embarrassment, humiliation, inconvenience, loss of privacy, credit denials, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, postage, and other expenses, and decrease to their credit scores, credit ratings, and perceived credit worthiness.

44. The Defendants' conduct and/or inaction as alleged herein was intentional, malicious, fraudulent, oppressive, and was carried out in reckless disregard for the rights of Plaintiff, warranting imposition of the maximum statutory penalties under the law and punitive damages.

45. As herein alleged, Defendants each acted toward Plaintiffs with oppression, fraud, and/or malice, or in reckless or conscious disregard of the rights of Plaintiffs, warranting the imposition of punitive damages against the Defendants.

## CLAIMS FOR RELIEF

### COUNT I – BREACH OF FIDUCIARY DUTY

46. Plaintiffs hereby restate and incorporate all the factual and legal allegations asserted in paragraphs 1 through 45.

47. The Defendant Envoy and Nationstar each owed fiduciary duties to Plaintiffs, including the duty to administer the Loan account in a manner consistent with that of a reasonably prudent fiduciary under similar circumstances and to hold and apply their mortgage payments correctly.

48. The Defendants Envoy and Nationstar each breached their fiduciary duties in that Defendants received and kept Plaintiffs' payments in trust and exercised dominion over

them to their own benefit and to the detriment of Plaintiffs, in violation of their duty of loyalty to Plaintiffs.

49. The Defendants Envoy and Nationstar each breached their fiduciary duties to Plaintiffs by failing to apply their payments to the account, violating their duty of care to Plaintiffs.

50. The Defendants' acts or omissions were the legal and proximate cause of the Plaintiffs' damages.

51. As such, Defendants are liable to Plaintiffs for actual damages and attorney's fees and costs.

52. The Plaintiffs are entitled to an award of punitive damages against the Defendants Envoy and Nationstar.

## COUNT II – NEGLIGENCE

53. The Plaintiffs herein restate and incorporate all the factual and legal allegations in paragraphs 1 to 45.

54. The Defendants Envoy and Nationstar each owed duties of care to Plaintiffs, including the duty to accept and apply payments from Plaintiffs as a reasonably prudent person under similar circumstances.

55. The Defendants Envoy and Nationstar each negligently breached one or more of these duties, resulting in damages to the Plaintiffs.

56. In the alternative, the Defendants Envoy and Nationstar were grossly negligent in the discharge of their duties to Plaintiffs, resulting in damages to Plaintiffs.

57. As such, Defendants Envoy and Nationstar are each liable to Plaintiffs for actual

damages and/or punitive damages.

## COUNT III – VIOLATION OF 12 U.S.C. § 2605(G)

58. The Plaintiffs herein restate and incorporate all the factual and legal allegations in paragraphs 1 to 45.

59. The Loan required the Plaintiffs to make Loan payments to the servicer of the Loan.

60. Defendants Envoy and Nationstar were required to accept payments from Plaintiffs and properly apply each of those payments to the correct account.

61. Defendants Envoy and Nationstar failed to properly apply Plaintiffs' Loan payments to the correct account, in violation of 12 U.S.C. § 2605(g).

62. Defendants Envoy and Nationstar failed to notify the Plaintiffs of the assignment, sale, or transfer of the Loan within the time permitted by law.

63. Defendants Envoy and Nationstar imposed late fees on the Plaintiffs regarding payments received during the 60-day period beginning on the effective date of the servicing transfer, in violation of 12 U.S.C. § 2605(d).

64. Defendants Envoy and Nationstar treated payments received during the 60-day period beginning on the effective date of the servicing transfer as late for credit reporting and other purposes, in violation of 12 U.S.C. § 2605(d).

65. Defendants Envoy and Nationstar failed to correct errors in the Loan account in response to Plaintiffs' qualified written requests, in violation of 12 U.S.C. § 2605(e)(2).

66. Defendants Envoy and Nationstar failed to acknowledge receipt of Plaintiffs' qualified written requests in a timely manner, in violation of 12 U.S.C. § 2605(e)(1)(A).

67. Defendants Envoy and Nationstar failed to correct errors in the Loan account in response to Plaintiffs' qualified written requests, in violation of 12 U.S.C. § 2605(e)(2)(A).

68. Defendants Envoy and Nationstar failed to conduct an appropriate investigation or provide Plaintiffs a written explanation or clarification of its reasons for not correcting the errors or the name and telephone number of an employee who can assist the Plaintiffs, in violation of 12 U.S.C. § 2605(e)(2)(B).

69. Defendants Envoy and Nationstar reported late payments on the Loan account during the 60-day period commencing from their receipt of Plaintiffs' qualified written requests, in violation of 12 U.S.C. § 2605(e)(3).

70. Defendants Envoy and Nationstar engaged in a pattern or practice of noncompliance with 12 U.S.C. § 2605, warranting the imposition of statutory damages.

71. As a result of the Defendants' failures, as herein alleged, Plaintiffs each suffered actual damages, including property damages, real and personal, financial and pecuniary loss, emotional distress, mental turmoil, anguish, upset, turmoil, stress, anxiety, worry, inconvenience, loss of enjoyment of life, embarrassment, humiliation, attorney's fees, and loss of credit opportunities.

72. Under 12 U.S.C. § 2605(f), Defendants Envoy and Nationstar are each liable to each Plaintiff for actual damages due to the failure, statutory damages of up to $2,000, and reasonable attorney's fees and costs.

**COUNT IV: WILLFUL NONCOMPLIANCE WITH THE FCRA.**

73. The Plaintiffs herein restate and incorporate all the factual and legal allegations in paragraphs 1 to 45.

74. Defendants Nationstar and Envoy willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. § 1681 et seq., including but not limited to failing to comply with the duties of furnishers of credit information as set forth in 15 U.S.C. § 1681s-2(b), as described above.

75. Defendants Nationstar and Envoy willfully failed to comply with the requirements of the FCRA, by, *inter alia*:

   a. failing to conduct an investigation with respect to the disputed information, in violation of 15 U.S.C. § 1681s-2(b)(1)(A);

   b. failing to review all relevant information provided by the consumer reporting agency concerning the Plaintiff, in violation of 15 U.S.C. § 1681s--2(b)(1)(B); and,

76. failing to modify, delete, or permanently block the reporting of inaccurate, incomplete, or unverifiable information relating to Plaintiffs, to consumer report agencies, in violation of 15 U.S.C. § 1681s-2(b)(1)(E).

77. As a result of these Defendants' willful violations of the FCRA, Plaintiffs have each suffered harm and the Defendants Nationstar and Envoy are liable to Plaintiffs for actual damages, statutory damages, punitive damages, plus attorney's fees and costs.

## COUNT I
## WILLFUL NONCOMPLIANCE WITH THE FCRA

78. Plaintiffs restate and incorporate herein paragraphs 1 to 45.

79. Defendants Trans Union and Experian willfully failed to comply with the requirements of the FCRA, by, *inter alia*:

      a.      failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiffs in their consumer files, in violation of 15 U.S.C. § 1681e(a);

      b.      failing to conduct a reasonable reinvestigation to determine whether the information disputed by the Plaintiffs is inaccurate and record the current status of the disputed information, or delete the item from the file, within thirty (30) days of receipt of Plaintiffs' disputes, in violation of 15 U.S.C. § 1681i(a)(1)(A);

      c.      failing to disclose all information in Plaintiffs' consumer file to Plaintiffs upon request, in violation of 15 U.S.C. § 1681g(a); and,

      d.      failing to notify Plaintiffs of the results of its reinvestigation within five (5) days after completion of its reinvestigation, in violation of 15 U.S.C. § 1681i(a)(6)(A).

80. As a result of the Defendants' willful violations of the FCRA, Plaintiffs have each suffered harm and the Defendants Trans Union and Experian are liable to Plaintiffs for actual damages, statutory damages, punitive damages, plus attorney's fees and costs.

## COUNT VI
## NEGLIGENT NONCOMPLIANCE WITH THE FCRA

81. The Plaintiffs herein restate and incorporate all factual and legal averments of paragraphs 1 to 45.

82. In the alternative, Defendants were each negligent in failing to comply with the requirements of the FCRA and are liable to Plaintiffs for actual damages, plus attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. Judgment against the Defendants for actual damages, including direct, compensatory, consequential, and incidental damages;

B. Judgment against the Defendants for statutory damages;

C. Judgment against the Defendants for punitive damages;

D. An award of reasonable attorney's fees and costs;

E. Trial by jury;

F. Pre-judgment and post-judgment interest against the Defendants; and

G. Any and all other relief to which the Plaintiff appears entitled.

Respectfully submitted,

WINTON & HIESTAND

*/s/ Zachary L. Taylor*
ZACHARY L. TAYLOR
905 Baxter Avenue
Louisville, Kentucky 40204
Phone | Fax: (502) 822-2500
KBA No. 92702
Email: zlt@LouisvilleLawOffice.com

*Counsel for Plaintiffs*